May it please the Court, I'm Rolf Moen, appearing on behalf of the State of Oregon. The jury in this case returned a verdict that awarded punitive damages to the plaintiff. The district court ultimately and erroneously entered a judgment that dismissed all claims and settlement between plaintiff and defendant. That was error because the agreement to eliminate punitive damages was not an agreement reached with the State's consent. The judgment thus ran afoul of Section 31735 of the Oregon Revised Statute, which provides that upon entry of a verdict awarding punitive damages, the State becomes a judgment creditor entitled to 60 percent of the punitive damages award. The district court, at heart, erred by The legislature couldn't have meant that literally though, right? In terms of identifying the State as a judgment creditor at that point? You can't be a judgment creditor unless there's a judgment. Well, I agree that the legislature probably did not intend that pre-judgment the State would be a judgment creditor in the same sense that So what does that, what does it mean then that you're a judgment creditor? I think what the Oregon legislature did was create an entity, a pre-judgment judgment creditor, if you will, that has somewhat unique rights and entitlements. And I think what it means is that post-verdict but pre-judgment, the State under 31735 is entitled to do a couple of things. One, it's entitled to veto any attempt by the parties to simply settle in a way that eliminates punitive damages without the State's consent. Second, if there is a challenge to the underlying validity of the punitive damages award, in other words, a challenge claiming that the punitive damages award is invalid as a matter of law, 31735 gives the State a right to at least be heard on the validity of the award. Well, you were heard, weren't you? Well, the State was heard with respect to whether it had the right to veto the parties' settlement. The State was not granted its full rights under 31735 to essentially veto any settlement between the parties that eliminated the punitive damages award. It was no other case. Well, you got notice that the plaintiff and the defendant had settled the action, right, after the verdict. You got notice of that. Correct. The State received notice of that. And then they went to court to get that settlement approved, right? Correct. And get the verdict set aside. You got notice of that. Correct. And you went to court on that motion. And you were fully heard. I mean, just the Court didn't agree with you, right, that you had as much right as you thought you had. That's correct. Didn't know what happened? Sure. The Court concluded that the State really had no protectable interest, no right to veto the punitive damages award. I'm sorry, the settlement eliminating punitive damages. So your contention on appeal is the district court erred by not recognizing the extent of your right in the – I'll call it the verdict. Is that your basic contention? That's correct. The district court erred by reading subsection 1 of 31735 in too limited a fashion. And in the State's view, subsection 1 allows the State to – The district court seemed to, you know, go pretty much by going through the Oregon code and Oregon rules, you know, what is a judgment creditor, what is a judgment, what is a creditor, and, you know, went through all those terms and concluded, well, you're just not a judgment creditor, right? That's correct. But what the district court ignored was the way that the term judgment creditor is used in this particular statute. Because the term judgment creditor wasn't – doesn't appear in the statute in a vacuum. It appears in a highly particular context. What the legislature said was that the State becomes a judgment creditor upon entry of a verdict. The district court nonetheless concluded that the State had no protectable interest until a judgment was entered. But if that's the case, then the Oregon legislature would not have amended what is now 31735 in 1995. In 1995, the legislature changed subsection 1 so that instead of saying that the State becomes a judgment creditor upon entry of a judgment, it becomes a judgment creditor upon entry of a verdict that awards punitive damages. So we have to at least conclude that the legislature had something in mind when it made that amendment, right? Absolutely. And that's the real question, is to what extent was the legislature giving the State some rights upon entry of a verdict? Now, I understand there was a case pending in the Oregon Supreme Court that would have addressed this issue, right? But the case settled or something? In other words, what is the meaning of judgment creditor under the amended statute? The case that was pending in front of the Oregon Supreme Court was the Freightliner case. And I argued that case in December. And the issue at that point was actually a little bit more narrow. The first issue in that case was whether the State had standing under Oregon law to pursue an appeal when the parties had essentially entered a post-judgment settlement eliminating punitive damages. And so the only issue the Supreme Court was addressing or would have addressed had the case not settled would have been whether the State had standing at that point. Standing to appeal. Standing to appeal. And in that case, in Freightliner, the State had not been granted intervener status, among other things. And so part of the – one of the issues was whether if the State was not an intervener or had not been granted intervener status, one of the issues was whether it nonetheless could pursue an appeal challenging the ultimate judgment in that case, which had eliminated punitive damages. The Oregon Court of Appeals had decided the standing issue in the State's favor.   And the third issue was whether the other parties involved then asked the Oregon Supreme Court to review that decision. It was after oral argument that ultimately the case was settled and that the State agreed to dismiss the appeal altogether. Ginsburg. Assuming that the district court put too much emphasis on the judgment creditor and too little emphasis on an interest held by the State of Oregon immediately upon entry of the verdict, and that the State does, in fact, have some recognizable interest immediately upon entry of the verdict, what I thought I heard you say was that that interest amounts to the right to veto a post-game settlement that purports to cut the State out of any interest in punitive damages. That's correct. Where do you get that from as contrasted with simply an interest in presenting an argument to a district court that is uninfluenced by the anomaly of what judgment creditor means? That essentially comes from the legislative history, Your Honor, the legislative history of the 1995 amendments. Well, I completely agree that the legislative history is just crystal clear, that it wanted to give the State a vested or substantive interest once a verdict is entered to avoid precisely what happened here, which is a post-game settlement that cuts the State out. But where do you get veto? Well, I think veto, I use that term simply to encapsulate the State's rights at that point. Well, I'm not sure I understand that. I mean, I understand veto to mean you can stand up and say can't happen at all. Well, I think that it's What do you mean that that gives you the ability to go into court and say, look, here's what this settlement would accomplish, and you shouldn't approve it for that reason in whole or in part or whatever? I mean, in other words, how do you define the vested or substantive interest that you get? I think it's close to the latter option you described, Your Honor, which is that if the parties are purporting to or offering to settle the case in a way that eliminates punitive damages and that leaves the State without any share of the punitive damages award, leaves the State with nothing, the State does have the right to prevent that settlement from going into effect. Now, the State doesn't have the right to prevent the parties from reaching some settlement just between the two of them, but to the extent that settlement leaves the State without any share of the punitive damages award reflected in the verdict, the State has the right to prevent that from being reflected in the judgment. So how would you, making the assumption that I – the assumptions that I laid out a minute ago, how would you write the mandate line of an opinion from this Court in this case? What this Court should say in the mandate line is that the judgment entered by the district court must be vacated. The case should be remanded to the district court and – for further proceedings. And somewhere in the Court's either mandate line or elsewhere in the opinion, it needs to make it clear that the district court has no authority to enter a judgment that eliminates punitive damages altogether unless either the State has consented to ending up with a zero share of the punitive damages award or unless the district court has concluded that as a matter of law the punitive damages award is invalid, either in whole or in part. After you've had an opportunity to be heard on that issue, right, on whether or not the punitive damages award is invalid as a matter of law. Absolutely. If that's the issue – And then would your – in your position – well, you're an intervener. If the district court granted you that, so then you would have the right to take an appeal on that issue, right, whether or not it's invalid as a matter of law. But I think what you're saying is that you believe you're entitled, you have as much of an interest in the punitive – at least as much interest in the punitive damages portion of the verdict as does the plaintiff. That's essentially correct. Right? In other words, say the plaintiff can, you know, settle with the defense and say, okay, you know, I'll give up 40 percent of the verdict. Can the plaintiff do that? Can the plaintiff give up 40 percent of the verdict? As long as your 60 percent is still there? Absolutely. Right? I'll give, you know, 40 percent of the verdict if you'll, you know, if you'll open my compensatory damages by $50,000 or whatever it is. You don't care about that, but you just want to protect your 60 percent. That's correct. And all you're saying is the plaintiff can't negotiate away your 60 percent without your consent or your participation, something like that. That's absolutely correct. I think you want to be treated almost like a co-plaintiff. Yes, with respect to – That portion of the verdict. Exactly. And that's what 31735 was intended to accomplish to the extent that – So you draw heavily, as indicated in your exchange with Judge Reimer, heavily on the legislative history. Sure. And the reason I do is that I think – I think I have to concede that what judgment creditor means, what its exact parameters are in the context of 31735, is somewhat ambiguous when you're looking at the text. It's clear the legislature meant to accomplish something to give the State some protectable interest. It's not crystal clear from the text what the extent of that interest is. What the extent of the interest is is resolved by the legislative history. Let me ask this. You're – you have made no effort in this case to execute on judgment as a judgment creditor. That's correct. So literally, the scope of the meaning of the term isn't squarely presented here, in the sense that you're not trying to push the envelope. Sure. There may be additional unresolved questions about what the extent of the State's rights are as a judgment creditor before judgment, but the State has never taken the position that before judgment is entered, it is entitled to go out and actually begin collecting its share of the punitive damages award. Did the district court conclude that the term judgment creditor – I don't remember now – was or was not ambiguous? District court concluded that the term judgment creditor was unambiguous as used in this statute. That's what I thought. Yeah. All right. But the State – in the State's view, that itself reflects legal error. Well, you have this ambiguity and the problems that it creates. You know, it may be that there were differing views in the State legislature, and that's the way they ramped it up. So it would be all tangled up in years of legislation and the issue not being resolved. I don't know what their motives were. But it seems to me that basically the State here is not only claiming an interest in punitive damages, so I'm wondering why the State doesn't become a party in interest as soon as there's a lawsuit filed that claims punitive damages, and why the State doesn't participate in the trial and argue for punitive damages. Well, I'm not sure if that's an option the State has or not under current law and under the statutory scheme. At the least, I can say that would require a use of State resources that the State probably is not willing at this point to promote. But in any event, the statute itself does give the State a protectable interest as soon as a verdict awarding punitive damages is entered. When you talk about enter a verdict, the jury comes in, and we the jury find, et cetera, et cetera. Now, what is the process of entering it? Is there a note on the docket that the jury returns such and such a verdict? Well, I assume there has to be some notation in the district court record that the verdict was officially entered, and that's what the record shows in this case. Just how much has to occur before that entry is made, I'm not sure. But there's no dispute in this case that the punitive damages verdict was entered, and it was only after that point that the litigation at issue involving the State ensued. But there's so many problems here. You know, the verdict could be announced, and then there could be a scramble then to make a settlement. As long as the verdict is officially entered. Ask the judge, don't enter the verdict.  And maybe that's a scenario that will present itself in some future case. It's certainly not presented in this case. It appears I'm out of time, so unless the Court has other questions, I'll sit down. Thank you. Any other State use this tax on punitive damages awards? I'm sorry, Your Honor? Other States use this same? You know, I'm not sure if other States have the exact same statutory scheme. I think there are certainly other split recovery statutory schemes. I don't know if any exactly mirror what appears in 31735. Good morning, Your Honor. May it please the Court. My name is Michael Griffin. I represent Target Corporation on this appeal, and with me is counsel for Mr. Patton, Laurie Irish Baumann. To answer Your Honor's last question, do other States use this type of split recovery statute, there are eight total States that use this type of statute. If I can recite them off the top of my head, I think they are Indiana, California, Alaska, Oregon, Iowa, Missouri, and Georgia. And I believe that Indiana is the only State, like Oregon, that has this provision purporting to grant the State judgment creditor status before a judgment is entered. In our review of the Indiana case law, this issue has not been presented to them. And this Court should affirm the judgment of dismissal of the lower court for two reasons. First, the plain language of the statute does not grant the State the right, as counsel said, to veto a settlement that is reached before judgment and after verdict has been entered. And even if the Court examines the legislative history, as it must now under the State v. Gaines case, while the legislature may have intended to prevent exactly what happened in this case, the legislature did not achieve that intention with the language it chose to insert in the statute. How would it have achieved it? What should it have done to achieve it? There are a number of things, Your Honor, that could have been the legislature could have said that would have prevented or given the State the veto power. For one thing, the State, the legislature could have said specifically the State Department of Justice has veto authority over any type of settlement like this. Parties are forbidden after a verdict has been entered to reach a contract of settlement. Such a settlement could be declared void against public policy in Oregon. The legislature could have made the State an indispensable party upon the entry of a verdict, which did not happen at the beginning of the case and, as counsel points out, might exhaust the State's resources. At least upon entry of verdict, the legislature could have said the State now, Department of Justice, is an indispensable party without whose consent settlement cannot be reached. These are aspects that were omitted from the statute. And as the Oregon Statute 174.010 states, courts may not insert into a statute what the legislature has omitted. But that's exactly what the State asks this Court to do here. Section 0.020 of that same statute also says and codifies the cardinal rule of statutory interpretation, and that is pursue the legislature's intent if possible. That if possible qualification is not focused on in the State's briefs. But if it's the Oregon Supreme Court and the Oregon Court of Appeals have both said, look, the statute plainly gives the State an interest upon entry of the verdict. I mean, it made that very, very clear. One of them, I think, I forget which did which, but one of them described it as a vested interest, the other described it as a substantive interest. So they didn't have the problem that you're posing. I mean, they've said that. So maybe the full scope of the interest is ambiguous. But if it is, isn't that just to be fleshed out on a case-by-case basis? I mean, the fact is they've got an interest that accrues as of the entry of the verdict. You're correct, Your Honor, both in the DiMendoza case and in the Freightliner case. The State courts have said that, but they haven't gone far enough, because in the DiMendoza case, in fact, the Court went further and said, we don't really know what it means to be a judgment creditor without a judgment. So we don't have the answer. The question, precise question, is what is the nature of that interest? We concede that the State has an interest. Okay. So then, if you concede that the State has an interest, then doesn't the question become on a case-by-case basis whether the trial court has reasonably construed the nature of the interest? Yes, Your Honor. And in this case, our position is that the district judge did reasonably construe it. Well, the district judge here basically said there ain't none. And, I mean, I don't guess I think that's reasonable. So somewhere between that extreme and perhaps the extreme of letting them go in and execute on the judgment the minute the verdict is entered, there's got to be a reasonable interpretation. One would hope so, Your Honor. How about a lien, a lien on the verdict? Well, and that is another example of what the legislature omitted from this statute, Your Honor. If the legislature's intent was to prevent this type of settlement, one way they could have done it was to give the State an immediate lien upon that, the punitive damages award. That didn't – that's not in the statute. And for this Court or any court to insert that would be improper under Oregon's own statutory interpretation guidelines. So while the precise nature of the interest is somewhat unclear, what the district court we contend correctly concluded was that it would be implausible to allow the State true judgment creditor status such that it could interfere with the original party's settlement of the case. In the DiMendoza v. Huffman case, the Oregon Supreme Court, analyzing the issue of the verdict, said, well, how would a lien, how would a lien interfere with the ability of the parties to settle a case? Say the verdict comes down. As soon as the verdict comes down and it's announced and there's punitive damages, the State has a 60 percent lien on that amount. The problem with that, Your Honor, is that that amount doesn't really exist until a judgment is entered. It's an expectancy, as the district court discussed. Until judgment is entered, that amount is subject to complete elimination by the district court, reduction by the district court, perhaps even if the full amount would be upheld. It's uncertain. And it would create a lot of uncertainty if the State could suddenly swoop in and say, stop everything, we are entitled to 60 percent of whatever you ultimately get. That is true once judgment has been entered. And so if judgment for $900,000 had been entered, the State would have been entitled to 60 percent of that. Before that happens, the State concedes in their reply brief at pages 2 and 3. They had to be one of them. As soon as the verdict comes down, there's punitive damages, the State has a lien on 60 percent. Now, what's wrong with that? Well, nothing, Your Honor, except that the legislature in Oregon didn't provide for that in this statute. The language we are stuck with doesn't provide the State the veto power, doesn't provide the State the lien, doesn't say the State can prevent the parties from settling the case, doesn't say that such contracts of settlement would be void against public policy. None of the – all of those things are omitted from the statute. And the State asks the courts to write one of them in to identify its – the nature of its interest. It wouldn't be proper in this case to construe the ambiguous term judgment creditor in this context to at least give the State a lien? We think that would be improper, Your Honor. Why? Why? Well, the legislative history, while it identifies clearly that the type of agreement that was reached here was something that was in the legislature's mind, very easily the State – It's some kind of a protectable interest, right? Well, no. That was in the legislature's mind. Some interest. I mean, that's the reason for the amendment, isn't it? Correct, Your Honor. So they wanted to create some kind of a prejudgment protectable interest. Like insurance companies do. You know, if you get paid some medical expenses and we've advanced the money to pay for your meds, then we've got a lien on it, period. But, you know, just thinking about it, it would be very good, in a sense, for the plaintiff's bar, too, because maybe even to have somebody from the Attorney General's office there invalidate punitive damages. And, after all, punitive damages are to punish the wrongdoer, not so much as to reward the  wrongdoer. So, you know, the punishment is for what injury was done, in many cases, for the general populace, you know, like in drug cases. So there's also public interest involved in many of these cases. I agree, Your Honor, and I think that was the underlying rationale for these split recovery statutes, particularly in Oregon, but elsewhere as well. California, New York, some other states used to have statutes that ultimately were repealed because they were ineffective. Apparently these statutes have been effective in some states and not in others. But what the State's arguing for here is for this Court to declare what's not in the statute, and that is that it has a vested interest in an uncertain amount of money, an uncertain judgment that's not really a judgment until the Court says it is. But both – but Oregon has said that, hasn't it? In the statute. They use the word – No, but I mean, the Oregon Supreme Court and Oregon Court of Appeals both characterize the interest in precisely that term. It's a vested interest or a substantive interest.  The question is whether a vested property right in a punitive damages award can accrue before entry of a final judgment. The answer is that it cannot. Now, what the State has argued in its brief is that the State not – Well, that's in a taking sense deciding what interest a plaintiff has. It's not deciding what interest the State of Oregon has. That's correct, Your Honor. And it is a substantive interest that accrues the moment the verdict is entered. And then the question becomes, what is the nature of that interest? I understand that. And that's where we are. If the interest is to get 60 percent of that award, then you need to keep your cotton-picket hands off of it and not go out and make a deal to get more money on one side and less on the other. Yeah, that's what it is. Well, and if that were – It doesn't take much to figure that out. No, and that – the intent does reflect what Your Honor just suggested, but the intent is not enough. It has to be written into the statute, and it wasn't. This Court – no court can rewrite the statute for the legislature. What is – you're right, Your Honor. The Huffman case, D. Mendoza case, was not addressing what the State – nature of the State's interest was. And the State argues here that it occupied a heightened – I guess heightened position and heightened interest in whatever the jury verdict is. But our position is that's merely a superior interest in what is still an expectancy. That $900,000 may never have come to fruition, and neither the plaintiff nor the State would have had any right to execute on it. No, but we just – just words, words, words. But the State's intent was, when the verdict came down, we had an interest in 60 percent for punitive damages. Now, it could go up on appeal, and some court could reverse it. But we've still got our piece of the action. Your Honor, I agree. We are talking about words, and the words that the legislature chose are very important. And they didn't use the right words to effectuate the intent that they apparently wanted. They apparently thought they did. Unless there are further questions, Your Honor, I'll cede the rest of my time. Thank you. Anything? No. Well, we'll give you a minute. Thank you, Your Honor. I'll make one brief point, which is plaintiff and defendant cite ORS 174-010, which says the courts must give effect to all particulars in the statute. If possible, they also may not insert what's been omitted. The district court's statutory construction in this case ran afoul of that very statute. In essence, the district court omitted the word verdict from 31735, subsection 1, and substituted the word judgment. In doing so, the district court essentially rendered the term verdict superfluous, and that the district court may not do. Unless the court has additional questions for me, that's all I have. No. Thank you. All right. Thank you. All right. Court will adjourn until 9 a.m. tomorrow morning.
judges: Pregerson, Rymer, Tashima